No. 91-328

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF
GARY BARNES,

      Petitioner and Respondent,

  and

RICHELLE BARNES,

      Respondent and Appellant.

**FILED**

JAN 2 3 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone,
              The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Bruce E. Lee, Billings, Montana

      For Respondent:

      Linda L. Harris; Harris Law Firm, Billings, Montana

Submitted on Briefs:  December 4, 1991

Decided:  January 23, 1992

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Richelle Barnes appeals from a judgment of the Thirteenth Judicial District Court, Yellowstone County, denying her motion for a new trial. We affirm.

The sole issue on appeal is: Whether the District Court erred in denying appellant's combined motions for a new trial and relief from judgment under Rules 59 and 60(b), M.R.Civ.P.

Gary and Richelle Barnes were married on August 20, 1973. Throughout their marriage the parties resided in Hysham, Montana, where they had a ranch/farm operation. The parties separated in July 1987. On August 21, 1987, husband petitioned for divorce. The parties have three minor children. The only dispute on appeal centers around the value of the marital estate.

Whether a new trial is warranted is governed by Rules 59 and 60, M.R.Civ.P., and § 25-11-101, MCA, et seq. The relevant portion of Rule 59(a), M.R.Civ.P. is:

> A new trial may be granted to all or any of the parties and on all or part of the issues for any of the reasons provided by the statutes of the state of Montana . . .

Section 25-11-102(1) and (4), MCA, governs the facts before us:

> The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:
>
> (1) irregularity in the proceedings of the court . . . or abuse of discretion by which either party was prevented from having a fair trial;
>
> . .

(4) newly discovered evidence material for the party making the application which he could not, with reasonable diligence, have discovered and produced at the trial;

. . .

We have previously set forth the guidelines for determining whether a new trial is justified in Marriage of Cherewick (1983), 205 Mont. 75, 666 P.2d 742:

"1. The alleged 'newly discovered' evidence came to the moving party after the trial;

"2. It was not want of due diligence which precluded its earlier discovery;

"3. The materiality of the evidence is so great it would probably produce a different result on retrial; and,

"4. The alleged 'new evidence' is not merely cumulative, not tending only to impeach or discredit witnesses in the case."

Cherewick at 80, 666 P.2d at 744-745; citing Kartes v. Kartes (1977), 175 Mont. 210, 214-215, 573 P.2d 191, 194.

The pertinent portions of Rule 60(b) are:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); **(3)** fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . .

The scope of our review of a decision to grant or deny a Rule 60(b) motion depends on the issues involved. If there is a discretionary appraisal or weighing by the district court of the facts of a particular case, the district court's determination on

3

appeal is subject to abuse or misuse of discretion. Here, the scope of review is the standard abuse of discretion test. To determine whether or not the District Court abused its discretion, we must determine whether or not Richelle Barnes was prevented from having a fair trial, and whether the newly discovered evidence could have been discovered previously with exercise of reasonable diligence.

On September **18, 27, 1989,** and November **13, 1989,** the Honorable G. Todd Baugh heard testimony presented by both husband and wife. Both parties were represented by counsel. Testimony presented to Judge Baugh revealed that Gary Barnes and his mother, Marie Barnes, entered into an informal partnership in 1975. Marie purchased Gary's half interest in the partnership in July **1987,** after Gary and Richelle separated. The sale consisted of two sections of land for a purchase price of $40,000.

Gary testified that his mother put eight sections of land into the partnership in addition to all her farm machinery. He contributed two sections of land and **25** cows. Gary further testified that his sisters had some interest in his two sections of land. At the time of the hearing, Gary testified he had sixteen cows and thirteen calves.

At trial, Gary produced a list of farm equipment acquired by the partnership he had a half interest in. He valued the equipment at **$7,300.** Marie Barnes also testified as to the value and origin of the farm equipment.

Judge Baugh issued a final decree on May **23, 1990.** He made

4

oral findings and conclusions on May 2, 1990. The District Court in recognizing some of the husband's property was gifted and not part of the marital estate allocated 60 percent to the husband and 40 percent to the wife. He calculated the total net worth of the marital estate at $15,775, but he ordered Gary to pay Richelle $8,430. Gary has not objected to this division.

Richelle argues on appeal that newly discovered evidence revealed Gary sold assets to his mother for less than adequate consideration. Essentially, she argues that Gary misrepresented his financial history at trial, and that his net worth is much more than indicated in Judge Baugh's findings and conclusions.

Although the evidentiary record, as Judge Baugh pointed out, is certainly sketchy and inadequate, nothing Richelle presents on appeal meets the standard for reasonable diligence set forth above. After trial Richelle obtained a deposition and financial statements from the Bank of Hysham, and tax assessment information and real estate information from the Treasure County courthouse and the Soil Conservation Service. This information, while enlightening on the value of the marital estate, could have been discovered before trial with reasonable diligence.

Richelle further argues that regardless of whether the evidence is "newly discovered", Gary misrepresented his financial situation, essentially depriving her of a fair trial. We have previously discussed a similar situation in Marriage of Lance (1981), 195 Mont. 176, 635 P.2d 571, which also involved the value of assets within the marital estate. Lance involved a claim of

fraud. We determined that the fraud must be such that the adversary is denied the opportunity to have a trial or fully present his/her side of the case, citing In re Marriage of Miller (1980), 189 Mont. 356, 616 P.2d 313. We noted that Lance's wife did not prevent him from contradicting her evidence or having his day in court. Lance at 180, 635 P.2d at 574.

As we said in Miller, citing State ex rel. Sparrenberger v. District Court (1923), 66 Mont. 496, 214 P. 85, "the prohibited result of denying the other party access to a fair trial may be achieved by affirmatively misrepresenting facts." Miller at 364, 616 P.2d at 318. However, we determined in Miller that the husband's statements or concealment did not materially thwart Mrs. Miller's ability to present her case. Miller at 365, 616 P.2d at 319.

In the case before us, Richelle had the opportunity to present her case. Gary's statements at trial regarding the value of his partnership assets did not materially thwart Richelle's ability to present her own evidence. Prior to the trial she was aware of the partnership between Gary and Marie Barnes, and the size of the farm/ranch operation and could have taken steps to gather the information she obtained after the final decree. We conclude that the District Court did not abuse its discretion in denying Richelle's combined motions for a new trial.

Therefore, we affirm the judgment of the District Court.

_____
                    Justice

6

We concur:

_John Conway Harrison_

_Karla M. Gray_

_Terry Trieweiler_

_William E. Hunt, Sr._
Justices

January 23, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

BRUCE E. LEE
Attorney at Law
P.O. Box 1222
Billings, MT  59103

Linda L. Harris
HARRIS LAW FIRM
Suite 15 - Main Plaza
926 Main Street
Billings,  MT  59105

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy