No. 93-346

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

BRINKMAN AND LENON, ARCHITECTS
AND ENGINEERS,

          Plaintiff and Respondent,

     v.

P & D LAND ENTERPRISES, a joint
venture by NDI, Inc., and MINNESOTA
TRUST COMPANY OF AUSTIN, a Minnesota
Corp.,

          Defendants and Appellants.

APPEAL FROM:   District Court of the Eleventh Judicial District,
               In and for the County of Flathead,
               The Honorable Michael H. Keedy, Judge presiding.

COUNSEL OF RECORD:

          For Appellants:

               A. Clifford Edwards, Kevin M. Funyak, Edwards Law
               Firm, Billings, Montana

          For Respondent:

               Debra  D.  Parker,  Kendra  L.  Kawaguchi,  Murphy,
               Robinson, Heckathorn & Phillips, Kalispell, Montana;
               Peter D. Plunkett, Warren F. Plunkett & Associates,
               Austin,  Minnesota;  David  M.  Ortley,  Kalispell,
               Montana

Submitted on Briefs:  December 22, 1993

Decided:  February 1, 1994

Filed:

FILED

FEB 01 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

In this case, we conclude that the District Court erred in granting summary judgment to plaintiff Brinkman & Lenon because plaintiff failed to meet its initial burden of establishing the absence of genuine issues of material fact. Therefore, we reverse and remand.

The facts necessary to our resolution of this case are straightforward. Brinkman and Lenon, Architects and Engineers (Brinkman), entered into a standard form architectural contract with P & D Land Enterprises (P&D) on May 21, 1990. Pursuant to the contract, Brinkman was to perform certain architectural and engineering services in connection with improvements to real estate owned by P&D and P&D was to pay for those services. Under § 4.10 of the contract, P&D was required to give written notice of any deficiency in performance of the services. Section 8.6 required that, in the event of termination of the contract by P&D not resulting from any fault of Brinkman, payment was to be made for services performed prior to the termination date.

Brinkman filed a breach of contract action against P&D in the Eleventh Judicial District Court, Flathead County. Brinkman asserted that it performed services under the contract, and that P&D terminated the contract and then failed to pay the amount owing to Brinkman at that time, in violation of § 8.6 of the contract. In its answer, P&D admitted the existence of the contract and its termination, but denied any breach by it or that it owed Brinkman any money under the contract. P&D also counterclaimed, alleging

2

both breach of contract and negligent failure to provide proper services which resulted in delays, unnecessary expense and lost revenue.

Prior to discovery, Brinkman moved for summary judgment and presented the contract, a letter from P&D, an affidavit and certain invoices in support of its motion. P&D responded generally that issues of fact were raised by the pleadings and not met by Brinkman in its motion and supporting materials. The District Court granted Brinkman's motion for summary judgment via Memorandum and Order and judgment was entered.

Pursuant to Rule 59(g), M.R.Civ.P., P&D moved the court to alter or amend its judgment, on the basis that Brinkman did not meet its initial burden of establishing the absence of genuine issues of material fact. In particular, P&D argued that its answer and counterclaim required Brinkman to establish entitlement to payment under the contract by, among other things, presenting evidence that P&D failed to give written notice of deficiencies in Brinkman's services as required by the contract. According to P&D, Brinkman offered only statements of counsel regarding the lack of written notice of deficiencies; no evidence of the lack of such required notice was provided via affidavit or otherwise. Thus, P&D contended, the question of whether such notice was given was a genuine issue of material fact raised by its answer and counterclaim and not met by Brinkman. P&D also presented correspondence to Brinkman, which it characterized as written notice of deficiencies in performance.

3

Brinkman responded that P&D had the burden of establishing that it had given the required notice of deficiency in response to the motion for summary judgment. Having failed to do so, Brinkman argued, P&D's presentation of the correspondence purporting to establish that it had given the required notice was untimely. According to Brinkman, P&D was required to raise this "substantive defense" in opposition to the motion for summary judgment. Relying on Scott v. Robson (1979), 182 Mont. 528, 597 P.2d 1150, the District Court denied the motion to alter or amend on the basis that the letter was not timely offered in opposition to the motion for summary judgment and could not be considered thereafter. P&D appeals from the summary judgment which became final upon the court's denial of its motion to alter or amend.

Did the District Court apply the correct standard to Brinkman's motion for summary judgment?

Our standard of review in appeals from summary judgment is de novo; we review a summary judgment utilizing the same criteria used by the District Court initially under Rule 56, M.R.Civ.P. Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214. We determine whether there is an absence of genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Minnie, 849 P.2d at 214. In this case, we conclude that summary judgment was improper because the record is devoid of the required showing of proof demonstrating an absence of genuine issues of material fact and an entitlement to judgment as a matter of law. Specifically, we focus on the District Court's determination that P&D did not notify Brinkman of any deficiency in

4

performance.

It is clear that a party moving for summary judgment bears the initial burden of establishing the absence of any genuine issue of material fact and its entitlement to judgment as a matter of law. Rule 56(c), M.R.Civ.P. Furthermore,

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [its] pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Rule 56(e), M.R.Civ.P. (Emphasis added.) Put another way, the nonmoving party has no obligation to establish that genuine issues of fact exist until the moving party has shown an absence of such issues of fact; unless that initial burden is met by the moving party, the nonmoving party may rest on its pleading. Minnie, 849 P.2d at 214.

In Mathews v. Glacier General Assurance Co. (1979), 184 Mont. 368, 603 P.2d 232, the plaintiff alleged entitlement to the policy limits under a contract for insurance as a result of fire damage. The defendant insurer generally denied the entitlement and asserted the affirmative defense of material alteration of the premises. The plaintiff moved for summary judgment, but did not present evidence from which it could be concluded that a material alteration had not taken place as was alleged in the defendant's affirmative defense. The district court granted the motion. We noted that the matters considered were devoid of any evidence initially presented by the plaintiff to justify a conclusion that

5

a material question of fact did not exist regarding the affirmative defense of material alteration; absent this showing, the defendant had no duty to come forward with counterproof. Mathews, 603 P.2d at 235, 237. We reversed the district court, stating:

> The order granting summary judgment was based on a determination that although plaintiff was the moving party, defendant had the initial burden to show by affidavits or other evidence, that a material question of fact existed in relation to its affirmative defense of material alteration. Because defendant did not do so, the court granted summary judgment to plaintiff. It was error to impose this initial burden on defendant, the nonmoving party. . . .

Mathews, 603 P.2d at 236.

As was the case in Mathews, the pleadings in this case framed the issues. Brinkman alleged that he was entitled to payment under the contract; P&D alleged that Brinkman had performed deficiently. Given that the contract required P&D to give notice of such deficiencies before terminating the contract, the issue of whether notice was given was crucial to each party's claim. Further, Brinkman does not dispute on appeal, and did not dispute at the District Court, that P&D's answer and counterclaim raised the material factual issue of whether notice of deficiency had been given. Thus, with its motion for summary judgment, Brinkman bore the initial burden of establishing the absence of genuine issues of material fact, including the material issue of notice of deficiency in performance. Accordingly, we review the materials submitted in support of Brinkman's motion.

Brinkman presented the contract containing the provisions referred to in this opinion. Brinkman also presented a letter from

6

P&D referencing the contractual "terminate and pay" provision. Nothing in that letter related to notices of deficiency required by the contract. Finally, Brinkman submitted the affidavit of Tom Heinecke (Heinecke), a Brinkman stockholder, and copies of certain invoices. Heinecke stated that he was familiar with the services performed and invoices corresponding to those services and that Brinkman had not been paid for services performed in the amount of $4,751.98 as of the date of the termination of the contract. Heinecke's affidavit did not refer to the contract provision regarding deficiency notices or assert that no such notice had been given by P&D.

Brinkman's brief in support of its motion made numerous references to P&D's contractual obligation to provide written notice of any alleged deficiency in performance. Brinkman's counsel stated that "P&D never gave Plaintiff written notification of an alleged deficiency in Plaintiff's work;" she further stated that "P&D failed to fulfill its obligation to notify Plaintiff of such defective performance, as required under Section 4.10 of the contract;" and again, she stated at some length:

> Because P&D never gave Plaintiff written notification of defective performance it cannot claim that its non-payment for services performed is justified. P&D's failure to provide Plaintiff with the prompt written notification required under the terms of the contract precludes P&D from objecting to its obligation to pay Plaintiff for services performed.

The obvious problem with these statements is just that: they are merely statements of counsel. Such statements of counsel do not meet the evidentiary basis required to support a motion for

7

summary judgment under Rule 56(c), M.R.Civ.P. Traders State Bank of Poplar v. Mann Farms, Inc. (1992), 258 Mont. 226, 242, 852 P.2d 604, 614. As a result, counsel's statements cannot meet Brinkman's duty to establish the absence of a genuine issue of material fact regarding a contractually required notice of deficiency.

We conclude that Brinkman did not meet its initial burden with regard to the issue of notice of deficiency; as a result, the burden did not shift to P&D to come forward with evidence establishing the existence of that fact. It is clear from the District Court's memorandum that the court placed the burden on P&D to present affirmative evidence that, in fact, notice was given. P&D having failed to do so, the court determined that "[t]here is no issue of fact that P&D did not notify Plaintiff of defective performance" and that Brinkman was entitled to judgment as a matter of law. This conclusion was in error.

Absent a showing that no genuine issues of material fact existed, Brinkman was not entitled to judgment as a matter of law on its breach of contract claim. We hold that the District Court erred in applying an incorrect standard to Brinkman's motion for summary judgment and in making a determination of the disputed and material factual issue of whether a notice of deficiency was given without evidence of record to support that determination. It follows logically, therefore, that the District Court compounded its error by denying P&D's motion to alter or amend.

In conclusion, we observe here as we did in Mathews that, although P&D was technically correct in relying solely on its

8

pleading because Brinkman did not meet its initial burden, "that is not to say that we recommend this procedure." Mathews, 603 P.2d at 240. Here, as in Mathews, P&D may have been able to prevent an appeal on the summary judgment question if it had placed affidavits or other evidence in the record demonstrating that a genuine issue of material fact existed as to the contractually required notice of deficiency.

Reversed and remanded for further proceedings.

_____
                    Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

9