No. 93-621

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

ESTATE OF ROBERT N. NIELSEN, JR.,
Deceased,

      Plaintiff and Appellant,

-vs-

MICHAEL H. PARDIS, d/b/a
PARDIS CHIROPRACTIC CLINIC,

      Defendant and Respondent.

APPEAL FROM:   District Court of the First Judicial District,
              In and for the County of Lewis and Clark,
              The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Jeannette Ellen Berry; Berry Law Firm,
            Bozeman, Montana

      For Respondent:

            Steve Reida; Landoe, Brown, Planalp & Braaksma,
            Bozeman, Montana

**FILED**

JUL 1 1994

Filed:

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: May 5, 1994

Decided: July 1, 1994

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

The Estate of Robert N. Nielsen, Jr., appeals from orders of the First Judicial District Court, Lewis and Clark County, granting Michael H. Pardis' motion for summary judgment and denying its motion for relief from judgment or, alternatively, to alter or amend the judgment. We affirm.

A brief factual and procedural outline of this case will set the stage for the legal issues before us. While Robert Nielsen (Nielsen) and his wife June were vacationing in Montana in August of 1988, Nielsen was treated by Michael H. Pardis, a chiropractic physician in Helena, Montana, doing business as Pardis Chiropractic Clinic (Pardis). Pardis treated Nielsen over a span of several days; x-rays were taken, and examinations and manual manipulations were performed.

Nielsen filed his chiropractic malpractice complaint on August 8, 1991, alleging that his right clavicle was subluxed, dislocated or broken from his sternum by Pardis' treatments. Pardis answered in December of 1991, denying that he breached the duty of care and that Nielsen was injured as a result. Nielsen died in January, 1992, and the Estate of Robert N. Nielsen, Jr. (the Estate), subsequently was substituted as plaintiff. Nielsen's death was not related to the chiropractic malpractice alleged in this case.

The case proceeded through the usual pre-trial stages. Discovery was to close on November 13, 1992, with trial set for February 1, 1993. On the Estate's motion, discovery was extended until January 15, 1993, and the trial was rescheduled for February

2

22, 1993. The Estate moved to continue that trial date because June Nielsen had broken her ankle and was unable to travel. Over Pardis' objection, the court rescheduled the trial for September 7, 1993. The discovery deadline of January 15, 1993, was not extended.

On July 30, 1993, with approximately five weeks remaining until the trial date, Pardis filed his motion for summary judgment. He asserted entitlement to summary judgment based on the Estate's failure to produce evidence of the applicable standard of care, any violation of that standard, and causation. The motion was heard on August 27, 1993. On the date of the hearing, Pardis conducted a deposition of Woodrow Fowler, D.C. (Fowler), the Estate's expert witness. He also conducted a deposition of June Nielsen four days later. On September 1, 1993, the District Court granted Pardis' motion for summary judgment; the court's memorandum of decision followed on September 17, 1993.

The Estate filed its alternative Rule 60(b) and Rule 59(g), M.R.Civ.P., motion on September 27, 1993. In conjunction with its motion, the Estate requested Pardis to file or make available for filing the depositions of Fowler and June Nielsen, asserting that the deposition testimony constituted newly discovered evidence. Pardis objected to the filing of the depositions. The District Court denied the Estate's motion for relief from or, alternatively, to alter or amend the summary judgment. The Estate appeals.

Did the District Court err by granting summary judgment for Pardis?

3

The District Court granted summary judgment to Pardis based on the Estate's failure to produce expert medical testimony regarding the applicable standard of care and a violation of that standard. The court declined to apply the doctrine of res ipsa loquitur to establish the Estate's malpractice claim.

Our standard for reviewing a grant of summary judgment is the same as that used by the district court. Emery v. Federated Foods, Inc. (1993), 262 Mont. 83, ___, 863 P.2d 426, 431. We determine whether there is an absence of genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214. The party moving for summary judgment has the initial burden of establishing the absence of any genuine issue of fact and entitlement to judgment as a matter of law. Brinkman and Lenon v. P & D Land Enterprises (Mont. 1994), 867 P.2d 1112, 1115, 51 St.Rep. 36, 37. The burden then shifts to the nonmoving party to set forth specific facts, by affidavit or as otherwise provided in Rule 56, M.R.Civ.P., establishing a genuine issue of material fact. Minnie, 849 P.2d at 214.

As the party moving for summary judgment, Pardis met his burden. He demonstrated that there was no genuine issue as to any material fact because the Estate had not established a prima facie medical malpractice claim; it failed to produce the expert medical testimony regarding standard of care and departure from that standard generally required in malpractice cases. Mont. Deaconess Hosp. v. Gratton (1976), 169 Mont. 185, 189, 545 P.2d 670, 672;

4

Baylor v. Jacobson (1976), 170 Mont. 234, 240, 552 P.2d 55, 58. The burden then shifted to the Estate to establish a genuine issue of material fact regarding the malpractice claim.

The Estate does not contend that it met this burden by affirmatively producing the required expert medical testimony. The Estate contends, however, that the District Court erred in failing to conclude that it had presented a prima facie case under the doctrine of res ipsa loquitur. We disagree.

While res ipsa loquitur "permits proof of what happened to be made by circumstantial evidence," plaintiff is still required to present a prima facie case that defendant breached a duty of care. Clark v. Norris (1987), 226 Mont. 43, 48, 734 P.2d 182, 185. We have specifically rejected the notion that res ipsa loquitur can be used to supplant the expert testimony regarding standard of care and breach thereof required in a malpractice case. Dalton v. Kalispell Reg. Hospital (1993), 256 Mont. 243, 248, 846 P.2d 960, 963.

Furthermore, we agree with the District Court that a causal connection between the purported negligence and the injury must be established before res ipsa loquitur can be applied. The doctrine of res ipsa loquitur provides:

> "[W]hen an instrumentality which <u>causes</u> injury without any fault of the injured person, is under the exclusive control of the defendant at the time of the injury, and the injury is such as in the ordinary course of things does not occur if one having such control uses proper care, then the law infers negligence on the part of the one in control as the cause of the injury."

<u>Clark</u>, 734 P.2d at 185 (emphasis added, citations omitted).

Here, the Estate presented no evidence prior to the court's grant of summary judgment that Pardis' chiropractic treatment caused the dislocation of Nielsen's clavicle from his sternum. Indeed, the record reflects the opposite. X-rays taken in August of 1988, February of 1989, and August of 1991, and a chest CT scan taken in February of 1989, did not reveal a separation in the joint. While M. Brooke Hunter, M.D., who examined Nielsen shortly after the chiropractic treatment, diagnosed a sternoclavicular joint aggravation, he could not determine its cause. Absent a causal connection, the Estate cannot rely on res ipsa loquitur to infer negligence by Pardis.

Because the Estate failed to produce medical expert testimony establishing the applicable standard of care and a departure from that standard, it did not make a factual showing placing Pardis' breach of a standard of care at issue. Thus, the core element of a medical malpractice claim is missing and Pardis is entitled to summary judgment as a matter of law. We hold that the District Court did not err by granting summary judgment in his favor.

Did the District Court err by refusing to grant the Estate's motion for relief from or, in the alternative, to alter or amend the summary judgment?

Pardis conducted depositions of Fowler, the Estate's expert witness, and June Nielsen on August 27 and 31, 1993, respectively. The depositions were not transcribed or part of the record at the time of the summary judgment hearing or when the court granted summary judgment to Pardis on September 1, 1993.

6

According to the Estate, Fowler's deposition testimony established that it was more likely than not that Pardis' failure to meet the applicable standard of care caused Nielsen's sternoclavicular injury and that June Nielsen's deposition testimony generally supported that position. On the basis of this "newly discovered" evidence, the Estate moved for relief from judgment under Rule 60(b)(2) and (6), M.R.Civ.P. Alternatively, it moved the court to alter or amend the judgment under Rule 59(g), M.R.Civ.P.

## Rule 60(b), M.R.Civ.P., Motion for Relief from Judgment

The District Court determined that the Estate could not request relief from judgment under both subsections (2) and (6) of Rule 60(b), M.R.Civ.P., relying on Koch v. Billings School Dist. No. 2 (1992), 253 Mont. 261, 833 P.2d 181. On that basis, the court considered the Estate's motion solely under Rule 60(b)(2), M.R.Civ.P. It declined to grant relief under that provision, determining that the deposition testimony of Fowler and June Nielsen was neither new evidence nor evidence which could not have been produced with due diligence.

Our review of a district court's decision to grant or deny a Rule 60(b) motion depends on the issues involved. Where, as in the case before us, the district court engages in the discretionary appraisal or weighing of the facts to dispose of the motion, we determine whether the district court abused its discretion. Marriage of Barnes (1992), 251 Mont. 334, 336, 825 P.2d 201, 203.

The Estate first contends that the District Court erred by

7

failing to allow alternative grounds for relief from judgment under subsections (2) and (6) of Rule 60(b), M.R.Civ.P. We disagree.

The first five subsections of Rule 60(b), M.R.Civ.P., set forth specific bases pursuant to which a court may relieve a party from a final judgment. Under subsection (2), such relief may be granted in the event of "newly discovered evidence which by due diligence could not have been discovered in time . . . ." Subsection (6) allows a judgment to be set aside for "any other reason justifying relief from the operation of the judgment."

In Koch, we stated that a party cannot seek relief under Rule 60(b)(6), M.R.Civ.P., if it seeks relief under any other subsection of the rule. Koch, 833 P.2d at 183. We subsequently have clarified that a party is precluded from seeking relief under Rule 60(b)(6), M.R.Civ.P., when the facts or circumstances would bring the case under one of the first five subsections. Maulding v. Hardman (1993), 257 Mont. 18, 25, 847 P.2d 292, 297. Here, the Estate premised its entitlement to relief under subsection (6) on the purported "newly discovered" evidence which formed the basis for its subsection (2) request for relief. Because the Estate's subsection (6) request was based on the same facts as its subsection (2) request, the District Court properly considered the Estate's motion for relief from judgment solely under Rule 60(b)(2), M.R.Civ.P.

The Estate next contends that Halse v. Murphy (1989), 237 Mont. 509, 774 P.2d 418, mandates relief from judgment under Rule 60(b)(2), M.R.Civ.P. In Halse, a physician moved for summary

8

judgment based on plaintiff's failure to produce expert medical testimony to support her medical malpractice claim. Before the physician's motion could be ruled on, plaintiff's counsel withdrew. Her subsequent attorney requested and received three extensions to obtain expert medical testimony and to respond to the summary judgment motion. When a response was not filed within the allotted time, the district court dismissed plaintiff's malpractice claim.

One month later, plaintiff obtained the affidavit of a medical expert indicating negligence by the treating physician and moved for relief from judgment under Rule 60(b)(2), M.R.Civ.P. In support of the motion, plaintiff's attorney testified by affidavit that plaintiff "had made every effort" to locate expert testimony to support the malpractice claim. The district court denied the motion.

We reversed the district court, determining that the medical testimony obtained by plaintiff was "newly discovered" evidence under Rule 60(b), M.R.Civ.P. We emphasized that the failure to produce such evidence prior to the court's grant of summary judgment was not caused by the plaintiff's lack of due diligence, observing that plaintiff had sought several extensions over a period of years to obtain the required expert testimony to defend against summary judgment. Halse, 774 P.2d at 422. Plaintiff's medical expert also testified that he was unable to render an opinion concerning plaintiff's malpractice claim prior to the grant of summary judgment because he had not had the opportunity to review the notes and records of plaintiff's treating physician.

9

Halse, 774 P.2d at 422-23.

Halse is clearly distinguishable from the case before us. Here, the Estate did not exercise due diligence in producing the required expert testimony. It had obtained its expert by at least the January 4, 1993, disclosure of his name to Pardis via discovery. Notwithstanding, the record indicates that the Fowler affidavit submitted by the Estate in opposition to Pardis' summary judgment motion did not contain the required medical testimony.

Moreover, to the extent June Nielsen's testimony regarding breach of any applicable standard of care was at all relevant, she was an obvious witness for the Estate from the outset of the lawsuit in August of 1991. The Estate advances no explanation--much less a compelling one--for its failure to produce the required testimony from its own witnesses. Indeed, the record does not contain any affidavit indicating that the Estate had made every effort to locate and produce the necessary expert testimony as was the case in Halse.

The Estate also contends that State Medical Oxygen & Supply, Inc. v. American Medical Oxygen Co. (1988), 230 Mont. 456, 750 P.2d 1085, required the District Court to consider the Fowler and June Nielsen depositions when ruling on Pardis' motion for summary judgment. However, that case does not address Rule 60(b)(2), M.R.Civ.P. and, thus, provides no support for the Estate's position that the deposition testimony of Fowler and June Nielsen constitutes "newly discovered" evidence under that rule.

Furthermore, Medical Oxygen is distinguishable from the case

10

before us.  There, we determined that the district court's failure to consider three depositions taken the morning of the summary judgment hearing was fatal to its grant of summary judgment against the plaintiff.  Medical Oxygen, 750 P.2d at 1089.  Although the factual basis on which Medical Oxygen was decided is not entirely clear from the opinion, the appeal briefs indicate that the plaintiff scheduled and conducted the depositions.  In addition, as the opinion notes, the plaintiff specifically did not waive the introduction and consideration of the depositions as relevant to the summary judgment issue.  Medical Oxygen, 750 P.2d at 1088.

Here, on the other hand, it was Pardis, not the Estate, who scheduled and conducted the depositions, presumably to timely prepare for trial in the event he did not prevail on summary judgment.  In addition, nothing in the record before us suggests that the Estate timely requested the court to postpone its decision until the as yet unavailable (and, as to June Nielsen, untaken) depositions were transcribed.  Nothing in Medical Oxygen required the District Court to consider these depositions at either the summary judgment or post-trial motion stage of the proceedings.

We conclude that the Estate's failure to exercise due diligence in producing the testimony it needed to withstand summary judgment precludes the Fowler and June Nielsen depositions from being "newly discovered" evidence under Rule 60(b)(2), M.R.Civ.P. We hold, therefore, that the District Court did not abuse its discretion in denying the Estate's motion for relief from judgment.

11

## Rule 59(g) Motion to Alter or Amend Judgment

The District Court did not rule on the Estate's Rule 59(g), M.R.Civ.P., motion to amend the judgment and, therefore, it was deemed denied by operation of law. The amendment of a judgment is within the discretion of a district court. See Marriage of Grounds/Coward (1993), 256 Mont. 397, 402-03, 846 P.2d 1034, 1037-38; Marriage of Vakoff (1992), 252 Mont. 56, 59-60, 826 P.2d 552, 554. Thus, we review the District Court's denial of the Estate's motion to amend for an abuse of discretion. Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 475, 803 P.2d 601, 603.

In neither the District Court nor this Court has the Estate advanced any basis for amending the summary judgment apart from the arguments supporting its motion for relief from judgment. Because we have determined that the court properly declined to grant relief from judgment under Rule 60(b)(2), M.R.Civ.P., we hold that the court did not abuse its discretion in denying the Estate's Rule 59(g), M.R.Civ.P., motion to amend the judgment.

Affirmed.

_____
Justice

We concur:

_____

_____

_____
Justices

12

Justice Terry N. Trieweiler, specially concurring.

I concur that based on the facts in this case, the doctrine of res ipsa loquitur was inapplicable and that based on lack of proof that the defendant was negligent, the District Court properly granted summary judgment.

I don't agree that professional negligence may not under other circumstances be established by the doctrine of res ipsa loquitur and without expert testimony.

I also agree that the District Court did not abuse its discretion when it denied the estate's motions under Rules 60(b)(2) and 59(g), M.R.Civ.P., and therefore concur with the result of the majority opinion.

_____
Justice

13

July 1, 1994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Jeannette Ellen Berry
BERRY LAW FIRM
2631 West Main STreet
Bozeman, MT 59715

Gene I. Brown & Steve Reida
LANDOE, BROWN, PLANALP & BRAAKSMA, P.C.
P. O. Box One
Bozeman, MT 59771-0001

ED SMITH
CLERK OF THE

STATE    OF

SUPREME COURT

MONTANA

BY:_____
                          Deputy