FILED

05/31/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0590

DA 21-0590

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 108N

GRANITE COUNTY, MONTANA, a political
subdivision of the State of Montana,

        Plaintiff, Counter Defendant,
        and Appellee,

    v.

RISING SUN ESTATES, LLC, JACK
McLEOD and JOHN DOES 1-5.

        Defendants, Counter Claimants,
        and Appellants.

APPEAL FROM:   District Court of the Third Judicial District,
                   In and For the County of Granite, Cause No. DV-17-08
                   Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

       For Appellants:

          W. Wayne Harper, Harper Law, Butte, Montana

       For Appellee:

          Blaine C. Bradshaw, Granite County Attorney, Philipsburg, Montana

                           Submitted on Briefs:  April 27, 2022
                                    Decided:  May 31, 2022

Filed:

                           _____
                                   Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Rising Sun Estates, LLC ("Rising Sun"), and Jack McLeod appeal the September 29, 2021 order of the Third Judicial District Court, Deer Lodge County, granting summary judgment in favor of Granite County.  Appellants assert the District Court improperly resolved disputed issues of material fact in favor of Granite County, the moving party.  We reverse.

¶3     In 2008, Granite County and Rising Sun entered into two Subdivision Improvement Agreements.  The parties do not substantively dispute the obligations contained within the agreements, including Rising Sun's obligation to install a 66,000-gallon fire suppression pond system (later mutually agreed to be only 30,000 gallons).  In 2009, Rising Sun completed the installation of a 60,000-gallon fire suppression pond.[1]  In 2017, Granite County filed a complaint in the District Court, alleging that Rising Sun and McLeod breached the Subdivision Improvement Agreements by installing a defective fire suppression pond system. The complaint alleged the pond would freeze in the winter. The complaint further concluded that because the surface of the pond freezes, the system is

---

[1] The District Court's order states the pond is 30,000 gallons, but Appellants assert the actual size is 60,000 gallons.

defective. Rising Sun and McLeod concede the pond must be operational year-round but deny violating the agreements.

¶4 On December 15, 2020, Granite County moved for summary judgment and attached a supporting affidavit from Chairman of the Board of Granite County Commissioners, Bill Slaughter. The affidavit restates the complaint's allegations that Rising Sun and McLeod failed to install a fire suppression pond system that is operational all year because it "freezes up every winter." Granite County did not provide any other evidence to substantiate its allegations that the suppression pond is not operational in the winter. The District Court granted summary judgment to Granite County and concluded Rising Sun and McLeod were in breach of contract because "the pond froze during the winter months, and its use was inhibited."

¶5 We review a district court's grant of summary judgment de novo, using the same M. R. Civ. P. Rule 56 criteria as the district court. *Brinkman & Lenon, Architects & Eng'rs v. P & D Land Enters.*, 263 Mont. 238, 241, 867 P.2d 1112, 1114 (1994). We review the record and make our own determinations as to whether disputed issues of material fact exist. *Norbeck v. Flathead Cty.*, 2019 MT 84, ¶ 12, 395 Mont. 294, 438 P.3d 811. Summary judgment is "an extreme remedy which should be granted only when there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Safeco Ins. Co. of Am. v. Liss*, 2000 MT 380, ¶ 22, 303 Mont. 519, 16 P.3d 399 (citing M. R. Civ. P. Rule 56(c)).

¶6 Rising Sun and McLeod argue the District Court erred by resolving a material disputed fact at summary judgment—specifically, whether the fire suppression pond

3

system is functional year-round. Appellants assert that the record does not establish this fact either way. In support of its motion, Granite County cited a report it filed with the court on May 14, 2020, in which Rising Sun's engineer opined that this *type* of fire suppression pond, now an outdated design, is "inherently not suitable for year-round use." However, the report does not include the engineer's conclusive opinion that the *Rising Sun* fire suppression pond does not function in the winter.[2] Appellants assert they have completely complied with the obligations in the Subdivision Improvement Agreements, and that the fire suppression pond system was built according to industry standards and approved by Granite County in 2009.

¶7 Summary judgment was improper because the record is devoid of the required showing of proof demonstrating an absence of genuine issues of material fact and an entitlement to judgment as a matter of law. There remains a disputed material fact as to whether the fire suppression pond will function during winter months notwithstanding the surface freezing each winter. Appellants note that, even when the surface of the fire suppression pond is frozen, there is a substantial amount of water under the ice. It is unclear on this record whether that water is accessible and sufficient to meet the subdivision's fire suppression goals in the winter. Granite County's contention that the pond freezes and is

---

[2] This confusion over the pond's functionality during winter is further highlighted by the estimate of replacement costs Granite County attached to its motion for summary judgment. It appears the County intends to replace the current fire suppression pond with another fire suppression pond which would hold less water than the current pond (55,748 gallons), but which indicates there nevertheless would be water available for fire suppression even when the pond is frozen. The estimate states: "Assuming an ice layer of 2' thick in winter, available water would be roughly 27,000 gallons."

thus deficient must be established with more than "statements of counsel" that "do not meet the evidentiary basis required to support a motion for summary judgment." *Brinkman & Lenon*, 263 Mont. at 243-44, 867 P.2d at 1116. Slaughter's affidavit merely restates the allegations in the complaint, does not provide conclusive evidence that the fire suppression pond is not operational in the winter, and fails to meet the required evidentiary burden of the moving party at summary judgment.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. We reverse the District Court's grant of summary judgment to Granite County and remand for further proceedings consistent with this Opinion.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE