No. 92-384

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

JOAN MINNIE and KENNETH MINNIE,

       Plaintiffs and Appellants,

v.

THE CITY OF ROUNDUP, MONTANA,
and VICKI KNUDSEN,

       Defendants and Respondents.

APPEAL FROM:   District Court of the Fourteenth Judicial District,
In and for the County of Musselshell,
The Honorable Roy C. Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       Kevin M. Funyak, Billings, Montana

       For Respondent:

       Mark D. Parker, Parker Law Firm, Billings, Montana

Submitted on Briefs:   January 28, 1993

Decided:   March 30, 1993

Filed:

FILED

MAR 3 0 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Joan and Kenneth Minnie (the Minnies) appeal an order granting summary judgment in favor of the City of Roundup, Montana (Roundup) entered in the District Court for the Fourteenth Judicial District, Musselshell County. This appeal involves only that portion of the District Court's summary judgment order pertaining to the Minnies' 42 USC § 1983 civil rights claim. We reverse the District Court in part.

Although the Minnies raise two issues for our consideration, because of our holding, we address only one. We restate that issue as:

Did the District Court apply the correct standard to Roundup's motion for summary judgment?

In 1979 Joan Minnie (Minnie) was hired as the City Clerk for Roundup. Prior to that time, Minnie had been the City Water Clerk for Roundup. In July 1990 Minnie was terminated by Roundup as the City Clerk. After her termination, the Minnies filed a complaint against Roundup and thirteen individuals alleging they were liable for wrongful termination.

The Minnies' complaint alleged that Roundup and the other thirteen named defendants were liable for Joan Minnie's wrongful termination under § 39-2-901, MCA, et. seq. Additionally, the complaint alleged: breach of the covenant of good faith and fair dealing; negligent infliction of emotional distress; intentional

2

infliction of emotional distress; loss of consortium; and violation of the Open Meeting Act, § 2-3-203, MCA. Furthermore, Joan Minnie alleged violation of her constitutional rights pursuant to 42 USC § 1983.

In September 1991 both Roundup and Vicki Knudsen (Knudsen), the City Attorney, moved the District Court for summary judgment as to all claims against them. After a hearing on the motion, the District Court granted summary judgment in favor of Roundup and Knudsen. The District Court concluded that the Minnies' claim against Roundup was barred by the statute of limitations in § 39-2-911, MCA. It also concluded that Roundup had the absolute power pursuant § 7-4-4105, MCA, to terminate the City Clerk. Finally, the District Court concluded the bare allegations in the Minnies' pleadings as to the 42 USC § 1983 civil rights claim did not create an issue of material fact and therefore summary judgment was proper.

We note that although Knudsen appears as a respondent in this appeal, the Minnies advance no argument contending the District Court erred in granting summary judgment in her favor. In their reply brief, the Minnies state they are only appealing the order of summary judgment in favor of Roundup. Furthermore, after entry of the summary judgment order, the remaining twelve defendants named in the complaint were dismissed by stipulation of the parties. Therefore, they are not considered in this appeal.

In its summary judgment order, the District Court certified its order as a full and final judgment for purposes of appeal pursuant to Rule 54(b), M.R.Civ.P. This appeal is taken only from that portion of the District Court's order pertaining to the Minnies' § 1983 civil rights claim.

Was the standard applied by the District Court to Roundup's motion for summary judgment correct?

As with all summary judgment appeals, our standard of review is de novo. That is, we review an order of summary judgment by utilizing the same criteria used by the District Court initially under Rule 56, M.R.Civ.P. Kronen v. Richter (1984), 211 Mont. 208, 211, 683 P.2d 1315, 1317. We determine whether "there is no genuine issue of material fact, and the moving party is entitled to the judgment as a matter of law." Gamble Robinson Company v. Carousel Properties (1984), 212 Mont. 305, 311, 688 P.2d 283, 286. In this case, summary judgment was an improper vehicle by which to dismiss this action because the record is devoid of the required showing of proof entitling Roundup to judgment as a matter of law.

Roundup contends that its motion was properly brought pursuant to Rule 56(b), M.R.Civ.P. Under Rule 56(b), M.R.Civ.P., a defendant against whom a claim has been asserted, may "move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Roundup argues the affidavit

4

filed by Knudsen was sufficient under Rule 56(e), M.R.Civ.P., to shift the burden to the Minnies to come forward with proof showing there was a genuine issue of fact for trial. We do not agree. Roundup merely bootstraps itself to the affidavit of Knudsen in an attempt to place itself in the summary judgment arena.

The party opposing a motion for summary judgment has the burden of demonstrating the presence of a genuine issue as to some material fact when the movant has met its initial burden of demonstrating there is no genuine issue as to any material fact. Peschel v. Jones (1988), 232 Mont. 516, 521, 760 P.2d 51, 54.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegation . . . of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Rule 56(e), M.R.Civ.P. (emphasis added). In order to meet this initial burden, the moving party must support its motion for summary judgment with an appropriate evidentiary basis before the burden shifts to the non-moving party to set forth facts demonstrating that a genuine issue exists. Mathews v. Glacier General Assurance Co. (1979), 184 Mont. 368, 381, 603 P.2d 232, 239.

5

The appropriate evidentiary basis required under Rule 56(e), M.R.Civ.P., to support a summary judgment motion, is found under section (c) of Rule 56. When a party moves for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 56(c), M.R.Civ.P. In this case, Roundup presented nothing outside its responsive pleading and the argument of counsel to support its summary judgment motion. The affidavit of Knudsen was not applicable to Roundup's summary judgment motion.

"On a motion for summary judgment the issues presented by the pleadings are not controlling." Brown v. Thorton (1967), 150 Mont. 150, 155, 432 P.2d 386, 389. Rather, in light of the pleadings, and the evidence before the court, there must be no material issue of fact remaining which would entitle the non-moving party to recover. Marriage of Hoyt (1984), 215 Mont. 449, 454, 698 P.2d 418, 421.

Here, no such evidence was before the District Court. Roundup failed to satisfy the requirement that it support its motion with an appropriate evidentiary basis. Mathews, 603 P.2d at 239. Therefore, the Minnies were under no obligation to do more than simply rest upon the allegations contained in their complaint. Mathews, 603 P.2d at 239. Under the facts of this case, we hold

6

the District Court erred in shifting the burden of coming forth with proof to the Minnies, when Roundup failed to initially support its summary judgment motion with an appropriate evidentiary basis.

As we have held the District Court erred in granting Roundup's summary judgment motion because it failed to satisfy the requirements of Rule 56, M.R.Civ.P., we do not address whether the Minnies' complaint properly pleads a cause of action under 42 USC § 1983. That portion of the District Court's order granting summary judgment in favor of Roundup is reversed.

Chief Justice

We concur:

Justices

7

March 30, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


David R. Paoli and Kevin M. Funyak
Edwards & Paoli
P. O. Box 20039
Billings, MT 59104-0039

Mark D. Parker
Parker Law Firm
P. O. Box 7212
Billings, MT 59103-7212

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy