No.  93-567

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

BERNARD F. THORREZ
and MARY THORREZ,

      Plaintiffs and Appellants,

  v.

UNITED PENTECOSTAL CHURCH OF
BUTTE, KENNETH E. HOGUE and
TERESA HOGUE, his wife,

      Defendants and Respondents.

FILED

APR 12 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

      John Leslie Hamner, Esq., Butte, Montana

      For Respondents:

      Frank J. Joseph, Burgess, Joyce & Whelan,
Butte, Montana

Submitted on Briefs:  March 17, 1994

Decided:  April 12, 1994

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Plaintiffs Bernard F. Thorrez and Mary Thorrez appeal from an order of summary judgment rendered by the Second Judicial District Court, Silver Bow County. We affirm.

We restate the dispositive issue in this case as whether the District Court erred in its finding of fact that the contract was silent as to whether the thirty-day notice became effective upon mailing by sellers or upon receipt by buyers.

Kenneth E. Hogue, as pastor, and his wife, Teresa Hogue, as secretary, operate the United Pentecostal Church of Butte (Kenneth E. Hogue, Teresa Hogue and the United Pentecostal Church of Butte are collectively referred to as the buyers). During the latter part of December 1987, the buyers were in search of a home. Bernard F. Thorrez and Mary Thorrez (sellers) owned a piece of land located in Butte which they offered to sell to the buyers. The parties entered into a contract on December 28, 1987.

The parties' contract included the agreement that the buyers would pay $40,000 with a $1,000 down payment and installment payments of $395.58 due on the 10th day of each month. The contract also provided that if the buyers

> . . . fail to make the payments herein mentioned within Thirty (30) days after the same shall have become due, or shall at any time hereafter violate or neglect to fulfill any of said agreements, <u>upon Thirty (30) days written Notice to the Buyer to make said payments or to correct any violation or to fulfill any of said agreements as aforesaid, they shall forfeit all right or claim under the Contract</u> . . . .

The contract further provided:

2

Notice:

Any Notice to be given hereunder shall be by registered mail to the parties as follows:

SELLER:    BERNARD F. THORREZ
715 South Thompson
Jackson, Michigan  49203

BUYER:    UNITED PENTECOSTAL CHURCH
OF BUTTE
604 Yale Avenue
Butte, Montana  59701

The buyers failed to pay installments on the 10th of June and the 10th of July, 1992. On August 12, 1992, the Thorrezes sent notice by certified mail that the buyers were in default. The buyers received the notice thirteen days later, on August 25, 1992. On September 18, 1992, twenty-five days after the notice was received, the buyers complied with the notice by depositing the delinquent payments into the sellers' bank account.

Did the District Court err in finding that the contract was silent as to whether the thirty-day notice became effective upon mailing by sellers or upon receipt by buyers?

This Court reviews summary judgment decisions by utilizing the same criteria the lower court used in its deliberations: whether a disputed issue of material fact exists and whether a party is entitled to judgment as a matter of law. Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214; Rule 56(c), M.R.Civ.P.

The sellers argue that the thirty-day period should have begun to run on the day that they mailed the default notice to the buyers, August 12, 1992. They state that the contract provided for

3

notice to be sent by registered mail and that the mailing effectuated valid or constructive notice.

Both parties agree there are no disputed issues of fact. After receiving notice of default by the sellers, the buyers paid their delinquent installment payments, thus curing the deficiency. When determining that the buyers were entitled to summary judgment as a matter of law, the court concluded:

> Plaintiffs mailed notice of default to Defendants on August 12, 1992, registered, with a return receipt requested. Both the Contract for Deed and the Notice of Default were silent as to when the 30 days would start running -- the date of mailing or the date of receipt of the notice. That in view of the method of delivery chosen by Plaintiffs, the Court concludes that actual notice was intended and the 30-day notice period did not start running until Defendants actually received the notice, as evidenced by the return receipt date, [August] 25, 1992.

We agree.

We conclude that the District Court's construction of the running of the thirty-day notice period, which required actual notice, was not erroneous. See Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 803 P.2d 601. We therefore affirm the District Court's order of summary judgment.

Pursuant to Section I, Paragraph 3(C), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

J. A. Turnage
Chief Justice

4

We concur:

_____

_____
William E Hunt Sr

_____

_____
Justices

April 12, 1994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

John Leslie Hamner
Attorney at Law
P.O. Box 3334
Butte, MT 59702

Frank J. Joseph
BURGESS, JOYCE & WHELAN
2801 South Montana Street
Butte, MT 59701

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
     Deputy