No. 93-480

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

ELDON E. KUHNS, a/k/a E. E. KUHNS,

Plaintiff, Appellant,
and Cross-Respondent,

-vs-

JAMES H. KOESSLER,

Defendant, Respondent,
and Cross-Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

J. Reuss; Wright, Tolliver & Guthals,
Billings, Montana

For Respondent:

Sam E. Haddon, Dean A. Stensland;
Boone, Karlberg & Haddon, Missoula, Montana

Submitted on Briefs: April 7, 1994

Decided: August 30, 1994

Filed: AUG 3 0 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Eldon E. Kuhns (Kuhns) appeals the Thirteenth Judicial District Court, Yellowstone County, order which granted summary judgment dismissing Kuhns' claims on three promissory notes executed to Kuhns by James H. Koessler (Koessler). Koessler cross-appeals the District Court's grant of summary judgment on his RICO-based counterclaim.

We reverse the District Court's dismissal of Kuhns' promissory note claims, and remand to the District Court for a determination of the validity of the notes. We also reverse the District Court's dismissal of Koessler's RICO-based counterclaim and remand to the District Court.

In May, 1983, Koessler was hired by Rocky Mountain Capital, a business partnership. Kuhns owned eighty-five percent of Rocky Mountain Capital, and the remaining fifteen percent was owned by Robert M. Brown. As compensation, Koessler was to receive fifteen percent of future profits in addition to a salary.

The partnership was incorporated as Rocky Mountain Capital, Ltd. (RMC) in June 1983. All of the partnership assets were transferred to RMC and stock was issued in exchange. Kuhns transferred his eighty-five percent interest in the partnership to RMC and received 7,000 shares or seventy percent of the stock. Brown transferred his fifteen percent ownership in the partnership to the corporation and received 1,500 shares or fifteen percent of the stock. Koessler received 1,500 shares or fifteen percent of

the stock, but did not transfer assets or otherwise pay the corporation for the stock. Kuhns contends that the 1,500 shares transferred to Koessler were the shares to which he was entitled and which were issued direct to Koessler.

The RMC minutes of a special meeting of the board of directors and stockholders of June 14, 1983, constitute the organizational minutes of RMC. The following paragraphs are contained in those minutes:

> A list of proposed assets was presented to the meeting . . . . The respective asset owners, E.E. Kuhns and Robert M. Brown, each offered the noted property in exchange for common stock of the company.
> It was then observed by Mr. Kuhns that James H. Koessler had no asset to contribute to the company, but that because of his expertise in the field of finance, he was valuable to the company and should be a shareholder. After discussion, it was agreed Mr. Koessler would execute a promissory note to Mr. Kuhns [original text "the company" crossed out here and initialed and dated 6/14/83], in the form attached hereto . . . and in exchange therefore receive the same number of shares as Mr. Brown.
> After discussion relative to the merits of the above, upon motion duly made and seconded, the following resolution was unanimously adopted:

>> "WHEREAS, Eldon E. Kuhns and Robert M. Brown are the owners of assets consisting of those items represented by Exhibit A . . . and that James H. Koessler would execute a promissory note [original text "to the company" crossed out here and initialed and dated 6/14/83] in the form of Exhibit B. . . .

>> BE IT RESOLVED, that the Board of Directors and Officers of this corporation be, and they are hereby authorized and empowered to accept the above offer and to consumate [sic] the transfer of the assets described on Exhibit A . . . the Board of Directors and Officers are authorized to issue shares of the capital stock of this corporation as follows:

> Eldon E. Kuhns                6,997 shares

3

```
Robert M. Brown            1,500 shares
James H. Koessler          1,500 shares."
```

Koessler subsequently executed the promissory note payable to Kuhns which is referenced in the minutes. Thereafter, he executed two additional promissory notes payable to Kuhns.

Koessler was employed at RMC from June 14, 1983, through July 31, 1986. However, he transferred his entire 1,500 shares of stock, fifteen percent of the corporation, back to Kuhns on July 22, 1986. As of July 29, 1986, after that transfer, Koessler was no longer an officer or director of the company.

On September 23, 1986, Kuhns filed a petition for bankruptcy. On July 10, 1989, Kuhns filed his complaint against Koessler, requesting payment on the three promissory notes executed by Koessler. Koessler counterclaimed for violation of the civil RICO statute, basing his claim on certain predicate acts allegedly committed by Kuhns during the course of Kuhns' bankruptcy proceedings. Koessler also counterclaimed for fraud, breach of contract, breach of fiduciary duty and punitive damages. The District Court reserved its ruling on these claims, and pursuant to Rule 54(b), M.R.Civ.P., the District Court certified these issues:

1. Did the District Court err in granting summary judgment against Kuhns, thereby dismissing Kuhns' claims for collection on the three promissory notes executed by Koessler?

2. Did the District Court err in granting summary judgment against Koessler, and by dismissing Koessler's RICO-based counterclaim for lack of standing?

4

I

Did the District Court err in granting summary judgment against Kuhns, thereby dismissing Kuhns' claims for collection on the three promissory notes executed by Koessler?

In reviewing a grant of summary judgment, our standard of review is identical to that of the trial court. Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214. If, after an examination of the record, we determine that there are no genuine issues of material fact, we then determine whether the moving party is entitled to judgment as a matter of law. Minnie, 849 P.2d at 214. Here, however, we conclude that genuine issues of material fact exist as to whether there was valid consideration for the three promissory notes.

As previously stated, promissory note no. 1 was executed by Koessler to Kuhns in exchange for 1,500 shares of RMC stock. Koessler contends that note no. 1 is void as a violation of § 35-1-606(2), MCA (1989), which in substance provides that neither promissory notes nor future services shall constitute payment or part payment for shares of a corporation. The record on summary judgment does not contain sufficient information to determine whether or not the issuance of note no. 1 may have violated that statute. As a result, we are not able to affirm the conclusion of the District Court that the note was void under that code section. In addition, as we review the summary judgment record, we conclude the record is not sufficiently complete to allow a determination as to whether or not there otherwise was a valid consideration for

note no. 1.

In a similar manner, with regard to promissory notes nos. 2 and 3, the record demonstrates there are factual issues as to whether or not there was an adequate consideration for the issuance of those notes.

We conclude that the record does not contain sufficient facts to allow the determination of the invalidity of the notes nos. 1, 2 and 3 on the record. We therefore reverse the District Court's dismissal of Kuhns' claims for collection on the three promissory notes and remand for further consideration consistent with this opinion.

II

Did the District Court err in granting summary judgment against Koessler, and in dismissing Koessler's RICO-based counterclaim for lack of standing?

The United States Supreme Court in Tafflin et al. v. Levitt et al. (1990), 493 U.S. 455, 467, 110 S.Ct. 792, 799, 107 L.Ed.2d 887, 895, concluded that state courts have concurrent jurisdiction with federal courts over civil actions brought under the Racketeer Influenced and Corrupt Organizations Act (RICO), Pub. L. 91-452, Title IX, 84 Stat. 941, as amended, 18 U. S. C. §§ 1961-1968.

Koessler bases his RICO claim on certain "predicate acts" which are comprised of "instances of conduct" concerning Kuhns' bankruptcy proceedings. Kuhns claims that since Koessler is not a stockholder of RMC, he is precluded from establishing the requisite

6

"injury to person or property" to constitute standing to sue. The District Court, in its May 11, 1993 order, dismissed Koessler's RICO claim on the basis of lack of standing due to Koessler's non-stockholder status. Koessler himself admitted that he was not a stockholder as of July 22, 1986, and that he relinquished any officer or director duties as of July 29, 1986.

In reviewing conclusions of law, we will examine whether the trial court correctly interpreted the law. Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 474, 803 P.2d 601, 603. The District Court, in dismissing Koessler's RICO claim for lack of standing, failed to cite any authority for its conclusion that standing is limited to stockholders of a corporation. The prerequisites for standing as applied to RICO-based claims are: whether the plaintiff was injured in his business or property, whether that injury was directly or indirectly caused by predicate acts sufficiently related to constitute a pattern, and whether those acts were acts which RICO was designed to deter. Sedima, S.P.R.L. v. Imrex Co., Inc. (1985), 473 U.S. 479, 496-97, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346, 359.

Therefore, we hold that the District Court was incorrect in granting summary judgment and dismissing Koessler's RICO-based counterclaim. Since stockholder status is not a prerequisite for standing to bring a RICO claim, Koessler cannot be denied standing based on his non-stockholder status. The factual issue of whether Koessler's business or property was injured by Kuhns must be remanded to the District Court for resolution.

7

We remand to the District Court on both issues: whether Kuhns is entitled to recover on his claims for the three promissory notes executed by Koessler, and for a redetermination of whether Koessler has standing to bring his RICO-based claims.

_John Conway Harrison_
Justice

We concur:

_J. A. Turnage_
Chief Justice

_Karla M. Gray_

_Terry N. Trieweiler_

_William E. Hunt Sr._

_John Fisk_

_Fred J. Weber_
Justices

August 30, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


J. Reuss, Esq.
Wright, Tolliver & Guthals, P.C.
P.O. Box 1977
Billings, MT 59103

Sam E. Haddon, Esq., Dean A. Stensland, Esq.
Boone, Karlberg & Haddon
P.O. Box 9199
Missoula, MT 59807-9199

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy
