JUSTICE WEBER
delivered the Opinion of the Court.
This is an appeal from the grant of summary judgment to Glacier County by the Ninth Judicial District Court, Glacier County. We affirm.
The only issue on appeal is whether the District Court erred in granting summary judgment to Glacier County.
The City of Cut Bank (City) is a municipal corporation located within the political subdivision of Glacier County (County). The County Sheriff’s office operates a dispatch service which dispatches for its own office as well as for the City. The City operates its own dispatch service for its police department, fire department and animal control between the hours of 8:00 am until 4:00 pm. Monday through Friday. The County dispatches for the City between the *357 hours of 4:00 pm and 8:00 am on work days and 24 hours on weekends and holidays and on all occasions when the city dispatcher is unable to dispatch.
The Glacier County Sheriff’s Office dispatch is the designated Public Safety Answering Point (PSAP) for the County pursuant to § 10-4-103(3), MCA. The County sent a letter to the City on July 22, 1988 asking the City to contribute to the financing of the dispatch service which until this time, the County had been funding exclusively. The City refused and the County threatened to cut off the dispatch service to the City as of October 1, 1988.
The City filed a Complaint seeking to have the County continue to make its dispatch service available to the Cut Bank Police Department at no charge. The City sought to have the County enjoined from the cessation of this dispatch service and also requested a writ of mandate to force the County to continue providing the service free of charge to the City.
The County filed an answer and engaged in limited discovery. Subsequently the County moved for summary judgment.
On April 20, 1994, the court granted summary judgment to the County. The City appeals that order.
Did the District Court err when it granted summary judgment to the County?
The City argues that it had an agreement with the County that specifically provides that the County would fund the dispatch service for the City. Further, the City argues that statutes require that the County fund this service for the City. It is the City’s contention that its taxpayers are already paying for this dispatch service and that contributing more money to the County for this service would involve double-taxation.
The County contends that there is no genuine issue of material fact here and that the only issue to be resolved is a matter of law. According to the County’s interpretation of the law, it is not required to provide the City with free dispatch service. In fact, the County argues that it does not have to provide a dispatch service to a city at all but that statutes allow it a choice of three alternatives once it is designated as a PSAP — it can dispatch, relay or transfer a message. The County argues that issues involving taxation are irrelevant to the pertinent issue. Further, the County argues that it is under no contract to the City of Cut Bank.
Summary judgment will be granted if there is no genuine issue of material fact and it is proven that the moving party is entitled *358 to judgment as a matter of law. Rule 56(c) M.R.Civ.R The party seeking summary judgment must prove that no material issues exist. Kittelson v. Archie Cochrane Motors, Inc. (1991), 248 Mont. 512, 813 P.2d 424. Once that is proven, the non-moving party must submit evidence to show that questions do exist as to material issues. Owen v. Ostrum (1993), 259 Mont. 249, 855 P.2d 1015.
The District Court granted summary judgment finding that any fact at issue was not material and counties are not required to provide dispatch service to cities. The District Court did not find any statutory requirement that the County was required to pay the City’s dispatch service during off hours. The District Court found that all taxation arguments were not relevant.
The County has proven that no questions of material fact exist: Cut Bank is a city within Glacier County and is currently receiving free dispatch service from the County, the County has asked for financial help from the City, and the City has denied that help. There is no question that this is the situation. While the City asserts in its pleadings that material issues exist, it has provided no evidence to show that material issues are in any way in controversy. The City may not just assert that material issues exist; it must present depositions, affidavits, some evidence to support its assertions. Minnie v. City of Roundup (1993), 257 Mont. 429, 849 P.2d 212.
The only question that exists under the facts of this case is a legal one. While the City is correct that the legislature adopted §§ 10-4-101 through 121, MCAin 1985, nothing within these lengthy statutes requires that counties pay for dispatch services to cities within their jurisdiction.
These statutes are contained in a chapter entitled State Emergency Telephone System and provide the requirements of such a system when set up by a public or private safety agency. Provisions enable agencies with common boundaries to make agreements which would provide emergency service. However, the statutes do not require an agency to provide free dispatch service to another entity that shares a common boundary.
The County asked the City in its interrogatories to submit a copy of the agreement that the City stated it had with the County concerning the County’s dispatch service to the City. The City provided a document that it called an “agreement” and which it characterized as a binding contract. Even a cursory inspection shows that it is not a contract. A contract must include identifiable parties, parties’ consent, lawful object, and consideration. Daniels v. Thomas *359 (1990), 246 Mont. 125, 804 P.2d 359. Here, the Only element satisfied is that the document involves a lawful object.
The document is clearly labeled “application” and is a proposed “final plan” to be sent to the State of Montana for approval of a county emergency telephone system. The record does not show that State approval was ever obtained for the plan. The City cannot rely on this document as it is clearly not a contract purporting to provide Cut Bank with free dispatch service.
We do not consider the question of taxation as it is not relevant to the question of whether a county has to provide free dispatch service to a city within its jurisdiction.
We conclude that the City of Cut Bank did not meet its burden of proving that material issues exist and the law involved does not require a county to provide a city within its jurisdiction with free dispatch service. Therefore, we hold that the District Court did not err in granting Glacier County summary judgment.
Affirmed.
CHIEF JUSTICE TURNAGE, JUSTICES GRAY and HUNT concur.