No. 94-522

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

FILED

MAY 9 - 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

IN THE MATTER OF THE ESTATE OF:

TED SKORNOGOSKI, Deceased.

APPEAL FROM:    District Court of the Fifteenth Judicial District,
                In and for the County of Daniels,
                The Honorable Leonard Langen, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            John F. Lynch; Lynch & Chisholm, Great Falls,
            Montana

        For Respondent:

            George D. Goodrich; Garlington, Lohn & Robinson,
            Missoula, Montana

_____

                        Submitted on Briefs:  April 6, 1995

                                  Decided:  May 9, 1995

Filed:

_____
                    Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Judy Pulst King (King) appeals from an order of the Fifteenth Judicial District Court, Daniels County, granting summary judgment and dismissing her claim based on Montana's pretermitted heir statute. We affirm.

We restate King's two issues as follows:

1) Did the decedent disinherit King in his will, thereby invoking the Montana pretermitted heir statute?

2) Is King's claim barred by collateral estoppel or res judicata?

Ted Skornogoski (Skornogoski) died on March 6, 1993. His will was admitted to probate on March 31, 1993. His wife, Evelyn Skornogoski is the personal representative. The will states that Skornogoski had no children and effectively disbursed his estate. King asserts that she is Skornogoski's daughter and therefore is entitled to a fifty percent share of his estate by virtue of Montana's pretermitted heir statute. Section 72-2-602, MCA (1991).

King bases her claim on information allegedly provided to her shortly after her mother, Trudy J. Pulst (Pulst), learned that Skornogoski had died. King alleges that near the end of 1963, Skornogoski had sexual intercourse with Pulst and, in 1965, paid three thousand dollars to settle a paternity suit with Pulst based on King's birth.

Skornogoski's will states that "I have no children and no living decedents." The essence of King's argument is that Skornogoski must have thought she was dead when he wrote his will.

She argues that "the only reason offered [in Skornogoski's will] as to why he did not provide for such children is that he thought he had 'no living descendants.'"  That is to say that Skornogoski would have included King in his will but he thought she was dead. King asserts that for Skornogoski to write in his will that "I have no children and no living decedents" proves his mistaken belief that he thought his living children were dead and that to find otherwise would be to ignore the operative language of the will.

In support of her claim, King cites to § 72-2-602(2), MCA (1991), which provides:

> If at the time of execution of the will the testator fails to provide in his will for a living child solely because he believes the child to be dead, the child receives a share of the estate equal in value to that which [she] would have received if the testator had died intestate.

This section is adopted almost verbatim from the Uniform Probate Code, § Z-302.  The comment of the Joint Editorial Board for the Uniform Probate Code for code § 2-302 (1991) states that:

> This section provides for both the case where a child was born or adopted after the execution of the will and not foreseen **at** the **time** and thus not provided for in the will, and the rare case where a testator omits one of his existing children because of mistaken belief that the child is dead.

The Editorial Board comment to § 2-302, MCA (1991) (revised and renumbered), states that this section:

> addresses the problem that arises if at the time of execution of the will the testator fails to provide in his or her will for a living child solely because he or she believes the child to be dead.  Extrinsic evidence is admissible to determine whether the testator omitted the living child solely because he or she believed the child to be dead.  [Emphasis added.]

3

To evidence that Skornogoski did not believe that King was dead when he executed his will, the District Court was presented with affidavits of Evelyn Skornogoski and S. Thomas Darland, the attorney who prepared Skornogoski's will. Both of these affidavits evidence that Skornogoski did not believe that he had any dead children.

King presents no evidence to show that Skornogoski thought that King was his child and that when he executed his will he thought she was dead. Based on the record, it appears that throughout Skornogoski's life, including when he drafted his will, he acted as though he had no children. King presents no evidence to show that Skornogoski omitted her from his will "solely" because, when he executed his will, he believed she was dead. Absent any evidence that Skornogoski failed to provide in his will for a living child solely because he believed the child to be dead, King's claim must fail.

"Our standard of review on a grant of summary judgment is identical to that of the trial court's." Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214. "Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P." Spain-Morrow Ranch, Inc. v. West (1994), 264 Mont. 441, 444, 872 P.2d 330, 331-32. The District Court correctly granted summary judgment for this issue.

Because of our holding for this issue, we need not consider King's second issue.

4

Dismissed.

Pursuant to Section I, Paragraph 3 (c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter, and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

May 9, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

John F. Lynch
LYNCH LAW FIRM
P.O. Box 2265
Great Falls, MT 59403

George D. Goodrich
GARLINGTON, LOHN & ROBINSON
P.O. Box 7909
Missoula, MT 59807

S. Thomas Darland
P.O. Box 335
Plentywood, MT 59254

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _N. Gallagher_
Deputy