NO.  94-531

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

DANIEL E. MOORE and DOLORES MOORE,
individually,  and as husband and wife,

Plaintiffs and Appellants,

-vs-

DOES 1 TO 25, inclusive, each in their
individual and professional capacities
and each other and with COURT E. BALL,
Esq., individually,  as an attorney at
law and in his business relationships
with DOES 1 TO 25, inclusive,

Defendants and Respondents.



APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable Russell K. Fillner, Judge presiding.


COUNSEL OF RECORD:

        For Appellants:

               Don Edgar Burris, Attorney at Law, Billings,
               Montana

        For Respondents:

               Peter F. Habein; Crowley, Haughey, Hanson,
               Toole & Dietrich, Billings, Montana


                          Submitted on Briefs:  April 6, 1995

                                    Decided:  May 17, 1995

Filed:

_____
                Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Daniel E. Moore and Delores Moore brought this action for legal malpractice in the District Court for the Thirteenth Judicial District, Yellowstone County. The court granted defendant Court E. Ball's motion for summary judgment. The Moores appeal. We affirm.

The issue is whether the court erred in ruling that this action requires expert testimony and in granting summary judgment on the basis of the Moores' failure to produce such testimony.

In January 1990, Donna Rostad and her daughters Deborah Birchell and Kathleen Riter (sellers) agreed in writing to sell the "Country Pride" restaurant in Big Timber, Montana, to the Moores. The buy/sell agreement stated "[r]ights to the sewer and right of way as well as the lift station to be transferred to buyers as part of this sale." The agreement also stated that the buyers and the sellers were to share the legal costs of drafting the contract, but

> [s]ellers request that their attorney represent them, draw the closing contract and documents. Buyers may request review of documents by their own legal counsel if they so desire.

The sellers asked attorney Court Ball for his services. Ball prepared various documents incident to the closing, including a contract of sale.

Ball did not include in the contract of sale the words "rights to the sewer and right of way as well as the lift station to be transferred to buyers as part of this sale." Several months after the contract was executed, another individual represented to the Moores that he held rights to the sewer and right of way. The

2

Moores rescinded the contract. They then brought this action against Ball, alleging legal malpractice.

Following discovery, Ball moved for summary judgment. The District Court noted that a factual issue existed as to whether an attorney/client relationship existed between the Moores and Ball. It concluded, however, that the Moores had failed to provide necessary expert testimony concerning the standard of care for an attorney under these circumstances. In so concluding, the court reasoned that the alleged misconduct by Ball was not so apparent that a lay juror could understand the issue. The court granted summary judgment on the basis that the Moores had failed to establish an issue of material fact as to one element of their cause of action, breach of an attorney's standard of care.

Did the court err in ruling that this action requires expert testimony, and in granting summary judgment on the basis of the Moores' failure to produce such testimony?

This Court's standard of review of an order granting summary judgment is the same as the standard initially applied by the district court. Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214. The moving party must establish the absence of genuine issues of material fact in the record, and that he or she is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. The non-moving party may not rely upon mere conclusory or speculative statements to oppose a motion for summary judgment, but must produce facts of a substantial nature to show a genuine

3

issue of material fact. Lueck v. United Parcel Service (1993), 258 Mont. 2, 9, 851 P.2d 1041, 1045.

In Lorash v. Epstein (1989), 236 Mont. 21, 767 P.2d 1335, this Court listed the elements of a legal malpractice claim:

> In pursuing a negligence or breach of contract action against an attorney, the plaintiff must initially establish the existence of an attorney-client relationship. The plaintiff must then establish that acts constituting the negligence or breach of contract occurred, proximately causing damages to the plaintiff. The final requirement for the plaintiff is the need to establish "[t]hat 'but for' such negligence or breach of contract the client would have been successful in the prosecution or defense of the action."

Lorash, 767 P.2d at 1337. In the present case, the District Court concluded that the Moores failed to raise an issue of fact as to the element "acts constituting negligence."

As a general rule, only expert testimony can establish the standard of care in a legal malpractice case. Carlson v. Morton (1987), 229 Mont. 234, 240-41, 745 P.2d 1133, 1137-38. The exception is that no expert witness is needed if "the attorney's misconduct is so obvious that no reasonable juror could not comprehend the lawyer's breach of duty." Carlson, 745 P.2d at 1137.

Court Ball submitted the affidavit of attorney James W. Thompson in support of his motion for summary judgment. Thompson testified by affidavit that he had reviewed the documents prepared by Ball and that those documents were in his opinion competently prepared and effective for their intended purpose. He testified that in his opinion the contract transferred all rights of the

4

sellers in the sewer line and the lift station serving the property.

Thompson's expert testimony was the only independent expert testimony offered in this case. The Moores introduced two affidavits in connection with the motion for summary judgment. Neither affidavit addressed the applicable standard of care for an attorney under these circumstances.

The first affidavit submitted by the Moores was signed by the individual who claimed an interest in the sewer line. He did not claim to be an attorney. He set forth his point of view concerning ownership of the sewer line. The Moores also introduced an affidavit by their counsel in this action, Don Burris. Burris opined that "Mr. Ball viewed himself as a scrivener only in the transaction that is the subject of this lawsuit." Burris's affidavit was addressed primarily to the question of whether an attorney/client relationship existed between Ball and the Moores.

The Moores assert to this Court that a segment of the sewer line located outside of the Country Pride property was subject to different conveyancing requirements than a segment located on the Country Pride property, which they now claim was never at issue. This assertion only buttresses the argument that the standard of care for an attorney under these circumstances is a matter not obvious to a lay juror and requiring expert testimony.

The District Court stated, "An attorney's standard of care involved in drafting a closing contract, specifically with how fixtures and appurtenances should be conveyed, is complex." We

5

**agree.** We hold that this case required expert testimony as to the standard of care for an attorney under the circumstances presented. The Moores' failure to produce expert **testimony** that Ball did not meet the applicable standard of care was fatal to their case.

The Moores also argue to this Court that an attorney/client relationship existed between them and Ball. The presence of a question of fact on that element of the action for legal malpractice is irrelevant, because it was not the basis for summary judgment.

We hold that the District Court did not err in ruling that this action required expert testimony on the standard of care required of Ball and in granting summary judgment in his favor based on the Moores' failure to produce such testimony. Affirmed.

Chief Justice

We concur:

Justices

6