No. 95-490

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

ROGER ROOTS,

     Plaintiff and Appellant,

  v.

THE MONTANA HUMAN RIGHTS NETWORK,

     Defendant and Respondent.

FILED

MAR 21 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     Roger Roots, Pro Se, Billings, Montana

     For Respondent:

     Calvin J. Stacey, Stacey & Walen, Billings, Montana

     John G. Crist, Dorsey & Whitney, Billings, Montana

Submitted on Briefs:  February 15, 1996

Decided:  March 21, 1996

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Roger Roots filed a complaint in the Thirteenth Judicial District Court, Yellowstone County, alleging that the Montana Human Rights Network (MHRN) defamed him by publishing a booklet in which it described him as an organizer for the Ku Klux Klan (KKK). The court granted summary judgment for MHRN. We vacate and remand

The issue is whether summary judgment was proper.

MHRN is a private nonprofit Montana corporation. In May 1994, it published a booklet entitled A Season of Discontent, in which it described Roots as "Roger Roots, Billings Ku Klux Klan organizer."

A month later, Roots brought this action for defamation and "invasion of privacy/ malicious harassment/creation of a climate of fear." He originally named four defendants. By the time of the ruling herein appealed, the action had been narrowed to a libel case against MHRN

The District Court described Roots as a man who

> has become well known by the general public as an ultra right-wing political activist. [He] authored a publication entitled Whites and Blacks 100 Facts (and One Lie), which is advertised for sale nationally. The publication lists "facts" about African-Americans, such as: blacks have low I.Q.'s due to small foreheads; they have never invented anything; and they are more likely to have syphilis than whites. [Roots] is a columnist in the Jubilee, wherein one of his columns states that the Holocaust was a hoax.

> [Roots] has been the subject of numerous news reports by a local television station and a newspaper concerning his right-wing beliefs and criminal record. [He] has been convicted of felony possession of an illegal firearm and misdemeanor resisting arrest. [He] was a member and president of the Young Republicans at Eastern Montana College and was the subject of numerous articles which appeared in the college's newspaper during 1993 and 1994. [He] supported people who are openly

2

> members of the KKK and attended several meetings held by the Montana militia. [He] filed for a state senate seat but did not qualify as a candidate because of his felony conviction.

The District Court ruled that Roots is a public figure for limited purposes. It concluded, therefore, that to succeed in this action, he must prove not only the falsity of the statement that he was an organizer for the KKK, but also, by clear and convincing evidence, that the MHRN acted with malice in publishing the statement.

The court ruled that Roots had not met his burden of showing that the statement was false or that MHRN acted with malice. It granted summary judgment for MHRN.

Was summary judgment proper?

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions, and any affidavits on file show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. This Court reviews a summary judgment decision under the same standard as that used by the district court in making the decision. Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214.

Roots accuses MHRN of defaming him by naming him as a KKK organizer in its booklet <u>A Season of Discontent.</u> Defamation is defined as either libel or slander. Section 27-1-801, MCA. Libel is a false and unprivileged publication by writing which exposes a person to hatred, contempt, ridicule or obloquy; causes the person

3

to be shunned or avoided; or tends to injure the person's occupation.   Section 27-1-802, MCA.

The right to free speech under the First Amendment to the United States Constitution places limits on the application of state defamation laws.  New York Times Co. v. Sullivan (1964), 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686.  A public figure cannot recover damages upon a claim for defamation without a showing of actual malice.  Sullivan, 376 U.S. at 279-80.  This standard also applies to limited purpose public figures, or persons who have voluntarily injected themselves or are drawn into a particular public controversy and become a public figure for a limited range of issues.  See, Gertz v. Robert Welch, Inc. (1974), 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789.

In this case, the District Court ruled as a matter of law that Roots was a public figure for limited purposes

> because he ran for public office, was the president of the Young Republicans, published a controversial book, and appeared as a regular columnist in the Jubilee and as the subject of numerous newspaper and television reports.

Our review of the record convinces us that a genuine issue of material fact exists as to whether Roots became a public figure for a limited purpose or remained a private figure involved in matters of public concern.

The First Amendment protects statements of opinion on matters of public concern where they do not contain a provable false factual connotation or where they cannot reasonably be interpreted as stating actual facts about an individual.  Milkovich v. Lorain Journal Co. (1990), 497 U.S. 1, 18-20, 110 S.Ct. 2695, 2705-06, 111

4

L.Ed.2d 1, 17-18. The statement that Roots is an organizer for the KKK contains a factual connotation which may be proven false. The statement can also be reasonably interpreted as stating an actual fact about Roots. We conclude, as did the District Court by implication, that the First Amendment does not shield MHRN from this action.

The District Court relied upon Philadelphia Newspapers, Inc. v. Hepps (1986), 475 U.S. 767, 106 S.Ct. 1558, 89 L.Ed.2d 783, for the rule that the plaintiff in a defamation action concerning a matter of public concern has the burden of proving the falsity of the alleged defamatory statement. In cases in which the fact finding process is unable to conclusively resolve whether the statement is true or false, the plaintiff's action must fail. Hepps, 475 U.S. at 776.

When summary judgment was entered in the present case, though, the fact finding process had not yet been completed. While discovery had been conducted, trial had not yet been held. We conclude that the District Court's reliance upon Hepps was misplaced.

As the party moving for summary judgment, MHRN bore the burden of establishing the absence of genuine issues of material fact. Matter of Estate of Lien (1995), 270 Mont. 295, 238, 892 P.2d 530, 532. The facts MHRN adduced in support of its statement that Roots was a KKK organizer establish that Roots shared viewpoints with the KKK. They do not necessarily establish that he was an organizer for the KKK. Any factual inferences which can be drawn must be

5

resolved in favor of Roots, the nonmoving party.  <u>Lien</u>, 892 P.2d at 532.

Roots filed affidavits in which he denied having ever organized meetings or rallies or distributed literature for the KKK, and stated that he had "never ordered, requested, or urged any human being to join the Ku Klux Klan [or] . . support the Ku Klux Klan."  He also filed an affidavit by his friend John Abarr, who stated:

> That I am a member of the Knights of the Ku Klux Klan, National Office in Harrison, Arkansas. . That Roger Roots has resisted all attempts by me to get him to join the Knights of the Ku Klux Klan.

While the affidavits filed by Roots do not definitively disprove that he is an organizer for the KKK, they demonstrate an issue of fact as to the truth or falsity of the statement.

Because the record discloses genuine issues of material fact as to whether Roots is a public figure for limited purposes and as to the truth or falsity of MHRN's description of him as an organizer for the KKK, we hold that entry of summary judgment for MHRN was improper.  The judgment for MHRN is therefore vacated and this case is remanded for further proceedings consistent with this opinion.

_____
Chief Justice

6

We concur:

_____
Karla M. Gray

_____
Terry Trieweiler

_____
W. William Leaphart

_____
Justices

March 21, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Roger Roots
P.O. Box 30183
2646 Rimrock Rd.
Billings, MT 59107

Calvin J. Stacey, Esq.
Stacey & Walen
P.O. Box 1139
Billings, MT 59103

John G. Crist, Esq.
Dorsey & Whitney
P.O. Box 7188
Billings, MT 59103

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy