FILED

05/12/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0681

DA 19-0681

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 124N

DAVID RAFES,

        Plaintiff and Appellant,

    v.

ALEX RATE, JENNIFER DWYER, and MARTIN SMITH,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause No. DV 19-1
                Honorable Rienne H. McElyea, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        David Rafes, Self-represented, Bozeman, Montana

        For Appellees:

        Eric Edward Nord, Crist, Krogh, Alke & Nord, PLLC, Billings, Montana

        Justin P. Stalpes, Beck, Amsden & Stalpes, PLLC, Bozeman, Montana

                  Submitted on Briefs:  April 8, 2020

                          Decided:  May 12, 2020

Filed:

                    _____
                           Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 David Rafes brought a legal malpractice claim against Alex Rate, Jennifer Dwyer, and Martin Smith, in connection with their representation of him in a negligent construction suit. The District Court entered a scheduling order on February 15, 2019, requiring all parties to disclose their expert witnesses by May 24, 2019. After Rafes did not disclose an expert witness by this date, the three defendants each moved for summary judgment. The District Court granted summary judgment to each defendant. Rafes appeals.

¶3 We review a district court's decision to award summary judgment de novo. *Babcock Place L.P. v. Berg, Lilly, Andriolo & Tollefsen, P.C.*, 2003 MT 111, ¶ 14, 315 Mont. 364, 69 P.3d 1145. Summary judgment is only proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." M. R. Civ. P. 56(c)(3). The party moving for summary judgment has the initial burden of proving there are no genuine issues of material fact that would permit the non-moving party to succeed on the merits of the case. *Babcock Place L.P.*, ¶ 15. If the moving party meets this burden, then the non-moving party must provide substantial evidence that raises a

genuine issue of material fact in order to avoid summary judgment in favor of the moving party. *Babcock Place L.P.*, ¶ 15.

¶4 With limited exception not applicable here, "only expert testimony can establish the standard of care in a legal malpractice case." *Babcock Place L.P.*, ¶ 21 (quoting *Moore v. Does 1 to 25*, 271 Mont. 162, 165, 895 P.2d 209, 210 (1995)). Rafes failed to disclose an expert to opine on the applicable standard of care by the court's deadline, and thus, he could not succeed on his claims of legal malpractice. The District Court properly granted summary judgment to the defendants.

¶5 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶6 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE